(128 App. Div. 743.)

PEOPLE ex rel. LAZARUS v. SHEEHAN et al., Fire Com'rs.

(Supreme Court, Appellate Division, Third Department.   November 25, 1908.)

1. MANDAMUS (§ 77*)—RELIEF—APPOINTMENT TO PUBLIC OFFICE.

One wrongfully removed from an official position in a city fire department could not compel the board of fire commissioners by mandamus to restore him to the position or one of similar grade, unless such a position was vacant.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 167; Dec. Dig. § 77.*]

2. QUO WARRANTO (§ 11*)—GROUNDS—TITLE TO OFFICE.

Quo warranto is the proper remedy to try title to a public office; and where an office in the fire department of a city, from which relator was wrongfully removed, was filled by appointment, and no office of a similar grade was vacant, quo warranto, was the proper remedy.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 13; Dec. Dig. § 11.*]

Appeal from Trial Term, Chemung County.

Mandamus by the People of the State of New York, on the relation of Elijah Lazarus, against Daniel Sheehan and others, as the Board of Fire Commissioners of Elmira, N. Y., to compel defendants to restore relator to an office. From an order granting a peremptory writ, defendants appealed. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John F. Murtaugh, Corp. Counsel, for appellants.
H. H. Rockwell, for respondent.

PER CURIAM. Prior to January 22, 1904, the relator occupied the position of first assistant engineer in the Elmira fire department. On that day the board of fire commissioners passed a resolution abolishing the position. It was also resolved:

"That on and after February 1, 1904, there be and are hereby established the offices of first district chief and second district chief."

Three days later the relator was notified that he was discharged from the Elmira fire department, to take effect January 31, 1904, in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

accordance with the resolution. Upon the trial of the issues of fact raised by the alternative writ and the returns thereto, the court found:

"That such changes in the organization of said fire department as were made by the foregoing resolutions were not in the interest of economy, for the reason that the number of offices in said department was not reduced, and the amount of salary or wages was increased in the aggregate amount over that then existing; that the duties prescribed for the office attempted to be created by such resolution, to wit, first district chief, are substantially the same as the duties which were discharged by the relator as first assistant engineer."

The court also found that the removal was unlawful, and that the relator was entitled to a peremptory writ of mandamus requiring the appellants to restore the relator to his position as first assistant engineer as of January 31, 1904.

We are of the opinion that there was sufficient evidence produced upon the trial to justify the conclusion that the relator was discharged on the mere pretext that his office was abolished, and that he would be entitled to a writ commanding the appellants to restore him to the position from which he was removed, or to one of the same grade, if he had shown that there was any position vacant. This he did not do. On the contrary, the appellants allege in the returns to the writ that William Masterson "was appointed by said board of fire commissioners first district chief, and has since that time been filling said office and performing the duties thereof"; and Masterson testified upon the trial, "I am at present first district chief of the Elmira fire department."

The proper remedy in this state for a party who claims title to an office, where it is filled by another, is by quo warranto. That this is the proper and appropriate remedy for trying and determining the title to an office, and the only remedy where some one is actually in possession of the office under color of right, was held in Matter of Gardner, 68 N. Y. 467; Nichols v. McLean, 101 N. Y. 526, 5 N. E. 347, 54 Am. Rep. 730; People ex rel. Nicholl v. N. Y. Infant Asylum, 122 N. Y. 190, 25 N. E. 241, 10 L. R. A. 381; People ex rel. Wren v. Goetting, 133 N. Y. 569, 30 N. E. 968; People ex rel. McLaughlin v. Police Com'rs, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596; People ex rel. Sims v. Collins, 175 N. Y. 196, 67 N. E. 309.

Our conclusion, therefore, is that the relator has mistaken his remedy, and that the judgment should be reversed, and a new trial granted, with costs to abide event. All concur, except SMITH, P. J., not voting.