STATE EX REL. DRIFFILL, RESPONDENT, *v.* CITY OF ANA-
CONDA ET AL., APPELLANTS.

(No. 2,854.)

(Submitted September 14, 1910.   Decided October 11, 1910.)

[111 Pac. 345.]

*Cities and Towns—Fire Department—Civil Service Statute—*
*Unlawful Removal of Firemen—Reinstatement—Mandamus—*
*Complaint—Sufficiency.*

*Mandamus—Firemen—Reinstatement.*
    1.  *Mandamus* lies to reinstate a fireman who has been discharged in
violation of the Act placing paid fire departments under civil service
rules.   (Revised Codes, secs. 3326 *et seq.*)
Fire Department—Unlawful Discharge of Member—*Mandamus*—Complaint
    —Sufficiency.
    2.  The statement of plaintiff, a discharged fireman, in his affidavit
for writ of mandate to compel his reinstatement, that he had been duly
appointed and confirmed as a member of the fire department, and that
at all times he had the physical ability to perform his duties as such,
was a sufficient allegation that he possessed the qualifications of a fire-
man as defined in section 3330, Revised Codes.
Same—Power of Council.
    3.  Since a fireman is not to be deemed a municipal officer (Revised
Codes, sec. 3327), section 3220, providing that the city council may dis-

charge "any officer" whose appointment is made by the mayor, with the advice and consent of the council, has no application to him.

Waiver—What Constitutes.

4. The term "waiver" implies the abandonment of a right which can be enforced, or of a privilege which can be exercised; hence, there cannot be a waiver, unless at the time it is alleged to have been exercised, the right or privilege to be waived was in existence.

Fire Department—Removal of Member—Charges in Writing—Waiver.

5. Plaintiff was removed from his position as a paid fireman, without any charges having been preferred, a hearing had and the accused found guilty, as prescribed by section 3328, Revised Codes. He subsequently petitioned the city council for reinstatement. *Held*, under the rule declared in paragraph 4 above, that plaintiff's action in asking for reinstatement after his discharge did not constitute a waiver of his right to be confronted with written charges as one of the conditions precedent to his removal.

Same—Reduction in Force—Discretion.

6. Under section 3329, Revised Codes, the city council must, if it deems it necessary to reduce the number of paid firemen, retire the one last appointed, and may not exercise any discretion in the premises and discharge the one thought least efficient, even though oldest in point of service.

Same—Unlawful Removal of Member—Economy—When No Defense.

7. A city which, having reached the constitutional limit of indebtedness, finds itself in financial straits, will not be heard to say, in defense of its violation of a civil service statute in removing a fireman contrary to its provisions, that it did so to reduce expenses, where it has failed to take advantage of the Act (Revised Codes, secs. 3287, 3288) authorizing cities in such condition to pay their running expenses from current revenues upon a cash basis.

*Appeal from District Court, Deer Lodge County; Geo. B. Winston, Judge.*

MANDAMUS by the state, on the relation of Harry G. Driffill, against the city of Anaconda and others. From a judgment for relator and from an order refusing a new trial, defendants appeal. Affirmed.

*Mr. T. O'Leary,* in behalf of Appellants, submitted a brief and argued the cause orally.

*Mr. T. P. Stewart* submitted a brief in behalf of Respondent, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

For several years last past the city of Anaconda has had a regularly organized paid fire department. On June 6, 1907, this

relator was appointed a member of the department on probation, conformably with the provisions of section 3327, Revised Codes, and served on probation until June 1, 1908, when he was ap- pointed and confirmed and became a regular member of the force and served as such until June 18, 1909.   On June 14, 1909, the city of Anaconda had reached the constitutional limit of in- debtedness, and it became necessary for the city officers to devise means to reduce the current expenses.   To that end, the city council determined to reduce the number of paid firemen, and the chief of the fire department was instructed to retire one member.   On June 18, 1909, the fire chief notified relator that he, relator, was dropped from the roll of paid firemen, and over the objection and against the protest of relator he was dropped. Some time after being thus retired, relator petitioned the city council to reinstate him.   A hearing was had upon the petition, and the council approved the action of the fire chief, and, not- withstanding relator reported for duty, he was denied work in the department.   These facts are set forth more in detail in the affidavit which the relator presented to the district court for a writ of mandate to secure his reinstatement.   It is also alleged in the affidavit that at all times the relator has been physically able to discharge the duties of a fireman.   The relative rank of the members of the fire department at the time the relator was retired, based upon seniority of service, is given as follows: "Mentrum, Ecklund, Driffill, Mitchell, Grierson, Fisher, Hees, Lovell and Falk."   And it is alleged that of these members only Mentrum and Ecklund were members of the department at the time relator was appointed; that Mitchell was appointed on pro- bation in August, 1907, and appointed and confirmed a member of the department on June 1, 1908; and that the last five named members are all serving on probation, and all have been ap- pointed since May 1, 1908.

An alternative writ of mandate was issued and served, and upon the return, the several defendants presented a joint general demurrer, which was overruled.   Two separate answers were then filed, one by the mayor on behalf of himself, the city and the councilmen, and the other by the chief of the fire department.

The answer of the mayor recites the history of the city's financial difficulties, and the method pursued by the city to reduce its expenses.    It is then alleged that this relator was retired from the fire department because his services could best be dispensed with and the efficiency of the force maintained.    The answer of the chief of the fire department sets forth substantially the same facts as are contained in the answer of the mayor, and then alleges that relator had been insubordinate in the department, had neglected his duties, and had habitually used profane and indecent language about the fire station, in violation of an ordinance of the city, that these matters were called to the attention of relator at the time of his retirement, and that the latter admitted the facts to be true, and then and there waived the preferment of charges against him.    The proceeding was brought to trial before the court sitting without a jury.    At the conclusion of the hearing, the court made a general finding in favor of the relator, and judgment was rendered and entered thereon, from which judgment and an order denying a new trial defendants have appealed.

1.    It is urged that the demurrer to the affidavit and alternative writ should have been sustained.    (a)    It is said that *mandamus* is not an available remedy, but that resort should have been had to *quo warranto* proceedings, and *People ex rel. Lazarus* v. *Sheehan,* 128 App. Div. 743, 113 N. Y. Supp. 230, is cited to the effect that "one wrongfully removed from an official position in a city fire department cannot compel the board of fire commissioners by *mandamus* to restore him to the position, or one of a similar grade, unless such a position is vacant."    Assuming that this is a correct statement of the law as applied to the case of one seeking reinstatement in a particular office, it does not have any application in this case.    Section 3327, Revised Codes, provides: "The chief of the fire department and the assistant chief of the fire department and the firemen shall not be deemed officers of the municipal corporation in which such fire department is established."    Under this statute, firemen are servants or employees of the city, but are not officers.    The statute, however, is a civil service law, and does secure to every paid fireman a right to his

position; and section 7214, Revised Codes, provides that the writ of mandate may be issued to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded. *"Mandamus* lies to reinstate an officer or employee who has been discharged in violation of the civil service laws." (26 Cyc. 260, and cases cited.)

(b) It is urged that the relator does not state that he possesses the qualifications of a fireman as defined in section 3330, Revised Codes. But his affidavit does state that the relator was duly appointed and confirmed as a member of the Anaconda fire department; and section 3327, above, provides that, when he is so appointed, he shall hold his position during good behavior, unless incapacitated by physical debility to perform his duties, and relator alleges that at all times he has had the physical ability to perform his duties as a member of the fire department. When we recall that the statute provides that it shall be presumed that official duty has been regularly performed, it seems a fair inference from the allegations of the affidavit that relator possessed the necessary qualifications; otherwise he would not have been appointed in the first instance.

(c) It is urged that the city of Anaconda is not a necessary or proper party to this proceeding, and assuming, without deciding, that this is correct, still it does not alter the position of any one of the parties to his prejudice to permit the judgment to stand as against all.

2. It is suggested that the city council might have dropped the relator from the roll of firemen by virtue of the provisions of section 3220 of the Revised Codes; but that section deals only with city officers, while the relator was not such an officer. (Section 3327, above.)

3. In order to dispense with the services of the relator against his will, it was incumbent upon the city to pursue the mode prescribed by section 3328 or section 3329, Revised Codes. Section 3328 is a disciplinary measure. It provides for the removal of a fireman for cause; but, as a condition precedent to such removal, charges in writing must be preferred to the council, a hearing

had, and the accused found guilty. In this instance there never were any charges in writing preferred against the relator. But it is urged that, by petitioning the city council for reinstatement, the relator thereby waived his right to have the charges preferred in writing, and at least tacitly consented that oral charges against him might be heard upon consideration of his petition. At the time relator petitioned the city council for reinstatement, he had already been removed from his position as a member of the department, and, this being true, it would seem that the doctrine of waiver cannot have any application here. ''A waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right.'' (*Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1057; 29 Am. & Eng. Ency. of Law, 2d ed., 1091.) It is elementary that there cannot be a waiver, unless at the time it is exercised the right or privilege to be waived was in existence. In *San Bernardino I. Co.* v. *Merrill,* 108 Cal. 490, 41 Pac. 487, it is said: ''The term 'waiver' or 'to waive' implies the abandonment of a right which can be enforced, or of a privilege which can be exercised; and there can be no waiver unless at the time of its exercise the right or privilege waived is in existence. There can be no waiver of a right that has been lost. 'Waiver is a voluntary act, and implies an election by the party to dispense with something of value, or to forego some advantage which he might at his option have demanded or insisted upon.' ''

It is alleged by relator, and not denied by defendants, that the relator was removed without any opportunity afforded him to be heard at all. How, then, can it be said that by asking for reinstatement he waived his right to be confronted by written charges as a condition precedent to his removal? Counsel for appellants in his brief says: ''But we contend that section 3328 has no bearing on this case.'' If this statement is correct, then it is altogether immaterial whether relator did or did not waive his right to have the charges preferred in writing, if any such right he had at the time. But, if it be said that the allegation in the return of the fire chief that at the time of the relator's removal he waived his right to have charges preferred in writing,

is a sufficient plea of waiver, it became immaterial when the defendants failed to furnish evidence sufficient to support it.

4. It is contended that the city council has the right to reduce the number of paid firemen without any charges of any character having been preferred. This right is conceded by relator. It is clearly inferable from section 3329, above, which reads as follows: "Should the council at any time reduce the number of firemen in the fire department, those most recently appointed shall be selected for retirement from the fire department, and the city or town clerk shall keep a list of such retired firemen, and should the number of firemen be again increased by the council, the men on said list shall be called into service, the longest service firemen being first selected for service in the fire department." But relator contends that, since the right is given only by this statute, a compliance with the statute is essential to the exercise of the right, and of this there cannot be any question. The pleading and evidence show that of the nine men appointed and serving as members of the Anaconda fire department at the time the relator was dismissed, six had served a shorter period of time than relator. Section 3329 provides that in reducing the force under that section the men shall be chosen for retirement in the inverse order of their appointment, beginning with the member most recently appointed. It is earnestly contended by counsel for appellants that, since the obvious purpose of this law is to secure efficiency of service, to dismiss the fireman who was last appointed would defeat the very intent and purpose of the law if such last appointed member should happen to be one of the most efficient members of the force, and much more efficient than one of longer service. Such an argument would be admirable if addressed to the legislative assembly, but cannot be seriously considered by a court; for so long as our Constitution distributes the powers of government among the three departments—legislative, executive, and judicial—and forbids one department exercising any powers belonging to another, the courts must decline to legislate or to read statutes as some people may think they ought to be written, rather than read them as they are. Section 3329 is too plain to admit of misconstruction. When the legislative assembly pro-

vides in terms so plain and mandatory that in case a reduction is made in the force of a paid fire department, under the provisions of that section, the member of the force most recently appointed shall be selected for retirement first, we must assume that the terms employed express the will of the legislature and of the people; and it would be the grossest usurpation of authority for this court to say that the legislature did not mean what it said, but, on the contrary, meant that the member least efficient, even though oldest in point of service, should be the first to be retired. There is not room, then, for further argument upon this branch of the case. In leaving upon the force of paid firemen six members more recently appointed than relator and attempting to retire relator, who was the third oldest member in point of service among the nine members of the force, the city council of Anaconda violated the plain mandate of section 3329 above. This statute does not allow the council to exercise any discretion in selecting the men to be retired. The last one appointed must be the first one to be retired under circumstances which bring the case within the provisions of that section. The city, then, did not obey the mandate of either section 3328 or section 3329, and its removal of the relator cannot be justified.

5. It is said that the judgment in this instance in effect imposes a compulsory obligation upon a city which has already exceeded the constitutional limit of indebtedness, and authorities are cited in support of the proposition that, if the city is in such financial straits that it cannot voluntarily assume a new obligation, neither the legislature nor the courts can compel it to assume it. With that doctrine we do not find any fault, but we do not think counsel makes a proper application of it to the facts of this case. To meet the very emergency which confronts the city of Anaconda, our legislature passed an Act authorizing cities in such financial condition to pay their running expenses from current revenue upon a cash basis. If the contention which appellants make is applicable in this instance, then a city which has reached the limit of indebtedness may arbitrarily refuse to pay its officers or employees, and defend upon the same ground. If the city of Anaconda has not taken advantage of the law en-

acted for its benefit, it will not be heard to urge its failure to do so as an excuse for its violation of section 3328 or section 3329 above.

The judgment and order are affirmed.

*Affirmed.*

Mr. JUSTICE SMITH concurs.

Mr. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.