## McMILLAN AND WIFE v. REYNOLDS.

The affidavit of service of summons must show affirmatively, compliance with all the requirements of the law.

An affidavit which avers that affiant on the day named "served the summons in this action upon the defendant, Mary B. McMillan, at her residence in the city of San Francisco, by delivering and leaving with her a copy thereof, attached to a copy of the amended complaint filed in this action," is insufficient.

Where judgment of foreclosure was obtained on such service, and the premises sold under the judgment to a party who was at the time of such purchase cognizant of the fact of such defective service, and also that the defendant was a married woman, and where the defendant has a valid defense to such action, the judgment will be set aside.

APPEAL from the Twelfth District Court, County of San Francisco.

McMillan and Wife v. Reynolds.

This was a bill in equity to quiet title to a lot of land in the city of San Francisco.

The facts are as follows :   In 1854 the plaintiffs were possessed of a lot of land in the city of San Francisco, which they occupied as a homestead.   In December of that year they executed a mortgage of the premises to Mills and Vantine, to secure a debt of the husband. In April, 1858, Mills and Vantine, by the defendant in this action as their attorney, brought an action of foreclosure upon the mortgage against the present plaintiffs.   In that action the only evidence of service of the summons and complaint on Mary B. McMillan, is the affidavit of one J. G. Gould, which is as follows :

" *City and County of San Francisco, ss.:*   James G. Gould, of said city, being duly sworn, says, that on the fourteenth day of July, 1855, he served the summons in this action upon the defendant, Mary B. McMillan, at her residence in the city of San Francisco, by delivering and leaving with her a copy thereof, attached to a copy of the amended complaint in this action.

"J. G. GOULD.

" Sworn to before me, August 6, 1855."

" OTMAR CALER, D. C."

Mary B. McMillan did not appear in the action, and a default was taken against her, and a decree of foreclosure rendered, and the property sold to the defendant, Reynolds, who acted as the attorney in obtaining the decree.   Reynolds was about taking possession of the premises, in pursuance of his purchase, when plaintiffs commenced this action.

Among other allegations in plaintiffs' complaint, they allege that Mary B. McMillan did not sign or acknowledge the mortgage deed ; and it is found by the jury, on a special issue submitted to them, that she "was not examined separate and apart, and without the hearing of her husband."

Defendant had judgment in the Court below, and the plaintiffs appealed to this Court, and assigned as error among others, the following :

McMillan and Wife *v.* Reynolds.

1. The Court erred in ruling that there was jurisdiction of the person of Mrs. Mary B. McMillan in said suit of Mills and Vantine.

2. The Court erred in rendering judgment for the defendant, when it should have been rendered for the plaintiffs.

*Shattuck, Spencer & Reichert,* for Appellants.

1. The acts of a Court, though of general jurisdiction, are void unless it has jurisdiction of the *person,* and the record must show such jurisdiction.    Farmers' Loan and Trust Co. *v.* McKinney, 6 McLean, 1; Foster *v.* Glazner, 27 Ala. 391 : Joyce *v.* Joyce, 5 Cal. 449; Sheldon *v.* Newton, 3 Ohio N. S. 494.

2. The return of service of process made by a private person, must show that the provisions of the statute have been complied with, or the Court gains no jurisdiction of the person served.    Our Practice Act, sec. 28, requires that a private individual serving process must be a white person, twenty-one years old, capable of being a witness in the case, and must serve the summons attached to a *certified* copy of the complaint ; and if the defendant be unlearned, the nature of the suit shall be explained.    Sec. 646, Practice Act.

3. The summons and evidence of service in this case are so deficient as to give no jurisdiction to the Court.    See State *v.* Woodruff, 2 Cal. 241; Joyce *v.* Joyce, 5 *Ib.* 449 ; Harvey *v.* Bestic, 1 How. Mi. R. 106 ; Smith *v.* Cohen, 3 *Ib.* 39 ; Fathern *v.* Long, 5 *Ib.* 661; Collins *v.* Hoyt, 1 Lundes & Marsh, 515 ; Eshridge *v.* Jones, *Ib.* 595 ; Ditch *v.* Edwards, 1 Scammon, 127 ; Ogle *v.* Coffin, *Ib.* 239 ; Townsend *v.* Griggs, 2 *Ib.* 365 ; Billingale *v.* Geer, 3 *Ib.* 575; 1 English (Arkansas) R. 382, 552 ; 2 *Ib.* 44 ; Vaughan *v.* Brown, 4 English, 20.

The above authorities all show that the statute relative to the service of process must be fully complied with, or a judgment by default is " *coram non judice* " and void.

The fourth rule of the Twelfth District Court also requires that the certificate made by a private person should show that the defendant served was personally known to him.    This, too, is wanting.

Too much caution cannot be observed in holding private persons serving process strictly to the law.

If a Sheriff should show by his return a strict compliance, how much more a private individual.

Verbal testimony after the decree could not relate back so as to give the Court jurisdiction, but only increased the error. Plaintiffs' objection to its introduction should have been sustained. Besides, that testimony, if added to the return, would not be sufficient. He did not serve a certified copy. He did not explain it to her.

*Giles H. Gray* for Respondent.

1. The summons was properly served on Mary B. McMillan in the foreclosure suit.

The affidavit is such as is required by the statute. P. A., sec. 28. It shows the personal receipt by defendant, Mary B. McMillan, of the summons, and a copy of complaint; and it shows that she received the same, within the city of San Francisco, no portion of the limits of which is three miles distant from the County Clerk's office.

2. This affidavit was sufficient to authorize a judgment. If there is any defect in the service, as for example, if served by a negro, or by a minor, or if the defendant have any exemption from service, as being a legislator, or member of Congress, just before the commencement of the session; and if none of these defects appear in the return on the summons, then, although the defendant has good ground for arrest of judgment, his privilege must be pleaded, and shown to the Court by motion. Whitwell *v.* Barbier, 7 Cal.; Wheeler *v.* Reynolds, 8 Cowan, 311. Also, see Foot *v.* Stevens, 17 Wend. 485; Yates *v.* Lansing, 9 Johns., p. 437; Peacock *v.* Bell, 1 Saund. 74; Shumway *v.* Stillman, 4 Cowan, 296; Hart *v.* Seixas, 21 Wend. 40; Bloom *v.* Burdick, 1 Hill R. 139; Wright *v.* Douglass, 10 Barb. S. C. 110; Wells *v.* Mason, 4 Scam. 279; Huntington *v.* Charlotte, 15; Vance *v.* Funk, 2 Scam. 263; Hubbard *v.* Harris, 2 Scam. 279; Varney *v.* Vosch, 3 Hill S. C. 237.

A complete answer to all that is said about the defects in the affidavit of service is: *that the Court acquired jurisdiction from the time of service, and not from the date of the return.*

In Whitwell *v.* Barbier, *supra,* the Court says: " The defendant having been summoned to appear on a day certain, it cannot be said

that the Court had no jurisdiction of the person so as to make its judgment void."

Again, in the 35th section of the Practice Act, " from the time of service of the summons and copy of complaint in a civil action, the Court shall be deemed to have acquired jurisdiction, and a control of all the subsequent proceedings."

1st. It is argued that if the return of service was not made as required by statute, a default rendered would be void. *This is not the true rule*, but the law is : *that a default rendered without jurisdiction is void*, in a Court of general jurisdiction ; if the record is silent, and yet a judgment is rendered, it will be presumed that the Court had jurisdiction, until the contrary appears, and that due proof of service was made. Grignon *v.* Astor, 2 How. U. S. R., p. 291, and cases cited. Whitwell *v.* Barbier, cited by plaintiffs *here*, *does not apply* to this principle.

3.  The last proposition which we shall present to the Court is a general one. It is :

That being purchaser at a Sheriff's sale, we are not bound to go beyond the record itself ; and to support this, we cite Reardon *v.* Lancey's heirs, 2 Bibb. 262. The Court says : " How far the proceedings in the case under which the land in contest was sold were correct, will be unnecessary to determine ; for by the execution, the Sheriff had authority to sell ; and if the property sold be by law liable to execution, the right of purchase cannot be shaken, however erroneous the judgment might have been ; for if the sale could afterwards be avoided, few would be willing to purchase under execution, and property sold in that way would be frequently sacrificed, greatly to the prejudice of debtor and creditor."

Also, Woodcock *v.* Bennett, 1 Cowan, 734 ; Coleman *v.* Trabue, 2 Bibb. 518 ; Brown *v.* Combs, 7 B. Munroe, 318 ; Doe *v.* Natchez Ins. Co., 8 Smedes & M., p. 179 ; Wood *v.* Jackson, 8 Wend., p. 36.

Again, in Grignon's Lessee *v.* Astor, 2 How. U. S. R., p. 341, the Court says : " A purchaser under it (the decree) is not bound to look beyond the decree, if there is error in it of the most palpable kind, if the Court which rendered it has, in the exercise of jurisdiction, disregarded, misconstrued or disobeyed the plain provisions of

the law, which gave them power to hear and determine the case before them; the title of a purchaser is as much protected as if the adjudication would stand the test of a writ of error; so where an appeal is given, but not taken in the time prescribed by law."

Also, see 6 Pet., p. 729 ; Voorhes v. Bank of U. S., 10 Pet. 471 ; Wheaton v. Sexton, 4 Wheaton, 506.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This bill was filed to quiet title to a lot in San Francisco.  This lot was a homestead of the plaintiffs.  A bill was filed by one Mills to foreclose a mortgage on this lot made by McMillan and wife, as charged, and a judgment of foreclosure had by plaintiff in this last suit. It is averred, however, that no service of process was had in that suit on the wife.  In the record of that suit, the affidavit of one Gould appears, in these words:

" City 'and County of San Francisco, ss. : James G. Gould, of said city, being duly sworn, says : that on the fourteenth day of July, 1855, he served the summons in this action upon the defendant, Mary B. McMillan, at her residence in the city of San Francisco, by delivering and leaving with her a copy thereof, atttached to a copy of the amended complaint filed in this action.

(Signed)                                    " J. G. GOULD.
" Sworn before me, August 6, 1855.
                                        " OTMAR CALER, D. C."

The decree, so far as this defendant is concerned, was by default. The bill in the case now before us avers that the wife never signed or duly acknowledged the deed ; and it is found by the jury, on a special issue, that she was not examined privately and separately as the statute requires.   Under judgment in the foreclosure suit, the lot was sold ; and the defendant, the purchaser at the sale, who had been the attorney for plaintiff in the last named case, was about taking possession.   The bill was filed to prevent him, and remove the cloud from the plaintiffs' title.   Many other facts appear in the record, and sev-

eral questions are made; but in the view we have taken of the case, it is sufficient to consider a single one, namely: was this a sufficient service to give the Court jurisdiction in the case of Mills and plaintiff to uphold that judgment?

The Practice Act, sec. 28, provides that " service of summons may be made by," among other persons, " any white male citizen over twenty-one years of age, who is competent to be a witness on the trial of the action, except as hereinafter provided: a copy of the complaint, certified by the Clerk, shall be served with the summons."

The affidavit is alleged to be defective in not showing that the person serving it was a white male citizen, or over twenty-one years of age, or competent to testify, or that a *certified* copy of the complaint accompanied the summons. These defects, especially as against a purchaser who, in this case, was cognizant of these irregularities, and where the rights of a *femme covert* are involved, it is contended, invalidate the proceedings. And we think the point well taken. We have not time to review all of the authorities upon this subject, though we have examined a large number. We think the result of the whole is, that the judgments of Courts are not binding unless jurisdiction be first had of the person of the party to be affected by them. This jurisdiction is given in this State by a form of notice prescribed by statute. The statute in such cases must be substantially pursued. Where a general power of serving process is given to an officer, a general return of service is sufficient; but where the power to serve process is exceptional, and given only on prescribed conditions, there the authority is special, and the particular facts must be shown in order to give effect to the service.

The service being authorized, in other words, in a given case, that case must be shown by the record in order to give the jurisdiction, which results only from the legal notice. Thus, in Mississippi, where if personal service cannot be had, service may be made by leaving a copy at the dwelling of the defendant with a member of the family, being a free white person over sixteen, the Court said: " If the defendant be not personally served, then no such service is sufficient, unless it be exactly such service as the law has made good. If by the return it appears that the defendant was not personally served, then,

of course, nothing short of an entire fulfillment of one of the other modes will be sufficient." (5 How. 664 ; 1 S. and M. 520 ; *Ib.* 595.) In Ditch *v.* Edwards (1 Scammon R. 127) the return to a summons was made by the Deputy Sheriff in his own name ; the Court held the proceedings *coram non judice, and void.* See also, 2 Scammon, 365, to like effect. The right to serve process does not belong to every private individual ; it is restricted to a particular class ; and as to them, the right is given to be exercised only under particular circumstances. In order to a legal service, the service must be, of course, by some one authorized, as well by his personal capacity to act, as by the existence of the particular facts which impart the authority or control the mode of action. The mere fact that A serves a paper, is not even *prima facie* evidence of his right to serve it. He must be the person described in the statute, and must act in the manner prescribed by law. This is necessary in order to give him his authority, and this must appear by the record in order to show the authority. The validity of the act depends upon its being authorized, and this must appear in the record. From anything that appears on the return, or by the affidavit, this man Gould neither had authority to serve this process, nor did he serve it in the right way. Nor is this defect remedied by his testimony on the trial of this case below. He does not show a service of a *certified* copy of the complaint. Nor if he had, do we think it admissible, in this collateral way, to amend the record of the first case. If it can be amended at all, or this patent defect be cured, it must be by direct proceeding.

While some of our reasoning goes beyond the necessities of this case, we limit the force of this opinion, as an expressed adjudication, to the precise question before us ; which is, that as against a purchaser cognizant of the facts, and in favor of married women, (whose rights are favored in the law) and on a showing of a valid defense to the action, a judgment obtained under the circumstances of this is invalid on a bill filed by her in equity directly impeaching it.

The judgment of the Court below is reversed, and the cause remanded for judgment in pursuance of this opinion.