BLACK, respondent, *v.* CLENDENIN, appellant.

JURISDICTION — *service of summons in Territorial cases — subpœna in chancery.* This action was brought in the district court to obtain the dissolution of a copartnership, and the parties were residents of the Territory. A

complaint was filed and the clerk issued a legal summons and a subpœna in chancery, which were served by the United States marshal for Montana Territory. *Held,* that the marshal was not the proper officer to serve the summons. *Held,* also, that the subpœna in chancery was not a summons within the terms of the Civil Practice Act. *Held,* further, that the district court did not acquire jurisdiction of the defendant by these proceedings.

SAME — *objections not waived by answer and trial.* The defendant appeared specially and moved to set aside the proceedings under the summons and subpœna, and excepted to the action of the court in overruling his motion ; afterward he filed an answer and proceeded to a trial upon the merits. *Held,* that the defendant did not waive his objections to the jurisdiction of the court.

*Appeal from Third District, Lewis and Clarke Counties.*

This action was tried by WADE, C. J.

SANDERS & CULLEN, and SHOBER & LOWRY, for appellant.

The subpœna was of no validity, and the certificate of the U. S. marshal had no legal efficacy. *United States* v. *Ensign,* 2 Mon. 396. The United States marshal is unknown to our Civil Practice Act, and the service of the summons is confided to certain officers and persons. The sheriff can only serve papers in his county and no certificate is of legal force except it be provided by law. *Woods* v. *Nabors,* 1 Stew. (Ala.) 172 ; *Hallowell Bank* v. *Hamlin,* 14 Mass. 178 ; *Oakes* v. *Hill,* 14 Pick. 442 ; *Langford* v. *Sanger,* 35 Mo. 133 ; *Allen* v. *Dunham,* 1 Greene (Iowa), 89.

After the appellant excepted to the ruling of the court in refusing to set aside the service of these papers, there was an answer and appearance on compulsion, as effectually as if the papers had been nullities. Such enforced appearance is no waiver of the error which compels it to avoid a default.

CHUMASERO & CHADWICK, for respondent.

It is not claimed by appellant that the summons was not served by any one, but that the person who served it signed the return as United States marshal. In the motion to set aside the proceedings, appellant admits the receipt of the process, and thereby a complete service is shown under the statute. The summons was not a nullity but was perfect. This suit was pending several

years before it was tried and was continued from term to termat the instance of both parties. The answer of appellant was a full and unqualified appearance of appellant, and his objection to the jurisdiction of the court was waived thereby.

BLAKE, J. This action was commenced March 30, 1872, to procure the dissolution of a copartnership and an accounting between the appellant and respondent. The complaint was filed in the office of the clerk of the third judicial district, in and for Lewis and Clarke counties. A summons in conformity to the statutes of the Territory was issued April 1, 1872, and the return thereon is as follows:

"OFFICE OF THE MARSHAL, U. S. DIST. OF MONTANA:

I herby certify that I received the within summons on the 12th day of April, A. D. 1872, and personally served the same on the defendant 29th day of April, A. D. 1872, on George Clendenin, Jr., being the defendant named in said summons, by delivering to him, said defendant, personally, in the county of Dawson, a copy of said summons and a certified copy of the complaint in the action named in said summons, attached to said copy of summons.

MUSCLESHELL, dated this 29th day of April, A. D. 1872.

W. F. WHEELER, *Marshal,*

By CHAS. D. HARD, *Deputy Marshal.*"

A subpœna in chancery was also issued April 1, 1872, and served by the same officer, April 29, 1872, in Dawson county. Clendenin filed a motion June 3, 1872, to set aside the proceedings under the summons and subpœna. The attorneys appeared for the purpose of making this motion "and none other," and stated specifically the grounds thereof. The motion was overruled by the court, June 5, 1872, and Clendenin excepted. The answer of the appellant was filed June 8, 1872, and other proceedings were had in the action, but a judgment in favor of Black was not entered until June 26, 1877. It will not be necessary to consider any other rulings than those which have been referred to, and the arguments of counsel upon most of the questions arising in this case cannot be examined.

When the summons and subpœna were served on the appellant, Dawson county was attached to Meagher county for judicial purposes, and Meagher county belonged to the third judicial district of the Territory. The Civil Practice Act, approved December 23, 1867, is applicable to these proceedings and provides that "the summons shall be served by the sheriff of the county where the defendant is found, or by his deputy, or by a person specially appointed by him, or appointed by a judge of the court in which the action is brought, or by any white male citizen of the United States, over 21 years of age, who is competent to be a witness on the trial of the action. * * * Sts. 1867, 139, § 28. This section provides further, that, "when the summons is served by the sheriff or his deputy, it shall be returned with the certificate or affidavit of the officer of its service. * * * When the summons is served by any other person as before provided, it shall be returned to the office of the clerk from which it issued with the affidavit of such person of its service." * * *

Statutes containing similar clauses have been enacted in many States and received a uniform construction. The mode, which has been prescribed by them for acquiring jurisdiction, must be followed substantially, or the judgment will be a nullity. The return upon the summons must show that it was served by the officer who is authorized by law to perform this act. In the case at bar it appears that the proper process was not executed by the sheriff of any county in the Territory, or a deputy sheriff, or any person mentioned in the Civil Practice Act. If the summons had been served by any party appointed or empowered to act in this matter, the affidavit thereon must show that he was one of the persons described in the statutes. The certificate or affidavit of service must state the facts on which the right to execute process depends. *McMillan* v. *Reynolds*, 11 Cal. 372, and cases there cited; *People* v. *Bernal*, 43 id. 385. It does not appear that the person who served the summons on the appellant was clothed with any power in the premises. Wheeler and Hard were officers of the United States, and, by virtue of their authority, served the foregoing processes. In *Clinton* v. *Englebrecht*, 13 Wall. 434, it was held that the United States marshal for Utah

Territory was not entitled to serve the processes which issue from the local courts, and that the officers created by the legislative assembly of the Territory had the sole right to execute the same. This authority is decisive of this branch of the case.

The subpœna was as follows:

"In First Judicial District Court, in and for Lewis and Clarke County, Montana Territory — in Chancery.

THE PRESIDENT OF THE UNITED STATES OF AMERICA,

To W. F. WHEELER, Esq., *Marshal of the District of Montana Territory :*

We command you to subpœna George Clendenin, Jr., to appear before Hon. D. S. WADE, judge of the third judicial district of said Territory in our court of chancery, on the first Monday of June, 1872, at the court-house in Helena,  *  *  * to answer to a bill of complaint exhibited against him in our said court, by Leander M. Black, and to do further and receive what our said court shall have considered in that behalf, and this you will in no wise omit.

Witness  *  *  *"

It may not be improper to observe, that at the time when the subpœna was issued, the practice in cases in equity in this Territory was involved in doubt. The decisions in the courts of the United States and the Territories were conflicting. It is useless to examine the authorities on this question, because we must be governed by the principles announced by the court of last resort in *Hornbuckle* v. *Toombs,* 18 Wall. 648. This court followed that decision in *United States* v. *Ensign,* 2 Mon. 396, and held that the legislative assembly of this Territory has the power to enact a Code of Civil Procedure, and prescribe the forms of actions and modes of practice in the Territorial courts. The form of a summons is prescribed by law and must be observed, "at least substantially." *Lyman* v. *Milton,* 44 Cal. 630. The subpœna did not conform to the provisions of the Civil Practice Act. It was not a summons, and the service thereof did not confer jurisdiction upon the court below.

The respondent insists that the appellant waived these errors and irregularities by filing his answer and proceeding to a trial. This position is not tenable. It has been held in California that a party who moves to dismiss a defective summons, or set aside the return of the service of a summons, and saves his exception to the action of the court in overruling the motion, does not waive his right to be heard thereon upon appeal, by appearing subsequently and answering and submitting to a trial. *Deidesheimer* y. *Brown*, 8 Cal. 339; *Gray* v. *Hawes*, id. 562; *Lyman* v. *Milton*, *supra*; *Kent* v. *West*, 50 Cal. 186. The exceptions of the appellant were saved properly, and were not waived by his conduct in the action after the motions to set aside the proceedings under the summons and subpœna were refused.*

The motions of the appellant, which have been discussed, should have been sustained. This action has been commenced legally by the filing of a complaint and the issuance of a summons, but no proper service has been made upon the appellant, and the court below never had jurisdiction of his person.

It is therefore ordered that the judgment of the court below be reversed with costs, and that the cause be remanded with directions to proceed in conformity to this opinion.

*Judgment reversed.*

---

* After this opinion had been filed, the decision of the supreme court of the United States in *Harkness* v. *Hyde*, 98 U. S. 476, was published, and this proposition is maintained. In this case the sheriff of a county in Idaho Territory served a summons on the defendant within an Indian reservation, and the subsequent proceedings were similar to those in *Black* v. *Clendenin*, *supra*. Mr Justice FIELD delivered the opinion and said : "The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him " to move to set aside the service. "Nor, when that motion was overruled, by their answering for him to the merits of the action. Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when being urged it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceeding without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

B.