COATSWORTH *v.* WAYNE CIRCUIT JUDGE.

1. MANDAMUS—APPEAL AND ERROR—SERVICE OF PROCESS.
    Mandamus is the proper remedy to review an order quashing service of a declaration on the ground that the defendant was exempt from service of process, since the ruling was not a final order reviewable on error; proper service being yet open to plaintiff.

2. PROCESS—SERVICE OF DECLARATION—PRIVILEGE—WITNESSES.
    That portion of Act No. 76, Pub. Acts 1905 (5 How. Stat. [2d Ed.] § 12648), authorizing service by declaration

upon "any person, whether privileged from arrest or not," does not permit service on a defendant who is a resident of Canada and who enters the jurisdiction to attend, for the purpose of testifying, a proceeding in the Federal court to which he and the plaintiff were parties litigant.

Mandamus by Jennie Coatsworth against P. J. M. Hally, one of the circuit judges of Wayne county, to compel the respondent to set aside an order quashing service of declaration in an action commenced by relator against one George Jasperson. Submitted October 14, 1913. (Calendar No. 25,793.) Writ denied November 3, 1913.

*Francis H. Warren* and *M. J. Lehman & Sons,* for relator.

*Devine & Snyder,* for respondent.

OSTRANDER, J. Relator filed her declaration, entered a rule to plead, and caused the declaration to be served upon one George Jasperson, the defendant named in the declaration. The defendant moved for an order setting aside the service of the declaration for the reason that he was a resident of Canada, and at the time the declaration was served was within the jurisdiction of the court for the purpose of attendance upon the Federal court in a proceeding therein, to which proceeding he and relator were parties, and in which he was called and gave testimony as a witness. An order setting aside the service of the declaration was entered, and relator seeks here a writ of mandamus to set aside such order. The matter receives consideration in this court because the court below refused to retain jurisdiction of the cause, and because, further, the order setting aside the service of the declaration is not, necessarily, a final order, reviewable on error. That is to say, proper occasion presented, service of the declaration may still be

made, and the service which was made is not void, but is voidable. *Watson* v. *Judge of Superior Court of Detroit,* 40 Mich. 729.

Relator relies upon a statute, found in the Revised Statutes of 1846, and since and now a part of the statute law of the State, last found with an amendment not here material in Act No. 76, Public Acts of 1905 (5 How. Stat. [2d Ed.] § 12648). The section reads:

"Actions brought for the recovery of any debt, or for damages only, may be commenced, either: 1. By original writ; or, 2. By filing in the office of one of the clerks of the court a declaration, to which is attached, or upon which is indorsed, a rule requiring the defendant to plead to such declaration within fifteen days after the service of a copy thereof and notice of such rule, and serving a copy of such declaration, and notice of such rule personally on the defendant; which mode of commencing an action may be adopted against any person, whether privileged from arrest or not."

It is said that, properly interpreted, this section denies to the defendant the privilege he asserts. It would seem that the contention of relator is answered by the decisions of this court in *Mitchell* v. *Huron Circuit Judge,* 53 Mich. 541 (19 N. W. 176) ; *Letherby* v. *Shaver,* 73 Mich. 500 (41 N. W. 677) ; *Jacobson* v. *Wayne Circuit Judge,* 76 Mich. 234 (42 N. W. 1110) ; *Cofrode* v. *Wayne Circuit Judge,* 79 Mich. 332 (44 N. W. 623, 7 L. R. A. 511) ; *Hoffman* v. *Bay Circuit Judge,* 113 Mich. 109 (71 N. W. 480, 38 L. R. A. 663, 67 Am. St. Rep. 458), unless, as is contended, the bar and courts of this State have not heretofore discovered the real significance of the concluding phrase of the statute. But in holding, as several times it has been held, that the privilege relied upon does not depend upon statute, and that the statute privilege from arrest does not exclude the common-law privilege of exemption from service of process

in cases like this, the present contention of relator has been clearly answered.

The writ is denied. Defendant Jasperson will recover his costs from the relator.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.