HOGEVOLL, Appellant, v. HOGEVOLL, Respondent.

No. 8581

Submitted June 4, 1945. Decided October 10, 1945.

162 Pac. (2d) 218

530

Mr. H. A. Tyvand, of Butte, for appellant.

Mr. A. G. Shone and Mr. M. Baxter Larson, both of Butte, for respondent.

MR. CHIEF JUSTICE JOHNSON, delivered the opinion of the court.

Defendant appeals from a judgment and foreclosure decree in plaintiff's favor upon two promissory notes and two mortgages on real estate in Silver Bow county, Montana.

As the two causes of action are alike except as to the amounts of the notes, the property covered by the mortgages, and the record references, we shall describe only the first cause of action. It recites that on August 9, 1913, at San Francisco, California, defendant made, executed and delivered to plaintiff his promissory note for $3,500, due and payable at San Francisco one year thereafter, with interest at the rate of 7% per annum, together with his mortgage to secure it; that the mortgage was recorded in the office of the county clerk and recorder of Silver Bow county on September 9, 1913; that defendant made various specified payments on stated dates in the years 1914, 1916, 1918, 1919, 1920, 1921, 1923, 1924, 1926, 1927, 1928, 1930, 1932, 1936 and 1941, totalling $725. Copies of the notes were incorporated in the complaint and copies of the mortgages annexed as exhibits.

Defendant first moved to quash the summons and service thereof, and upon denial of that motion he filed demurrers and also demurrer to the jurisdiction which were overruled. He then filed an answer. In his answer defendant denied signing the notes; admitted signing the mortgages, but denied delivering them to plaintiff; alleged that plaintiff got possession of them without consideration and without his consent, and denied having made any payments thereon. Combined with his answer were three affirmative defenses. The first was:

"That the said mortgage was cancelled, and the said plaintiff went before a notary public in San Francisco, California, and signed and acknowledged a cancellation of said mortgage and delivered the same to said defendant, and thereafter the said cancellation, was without consent of the defendant taken from the place where the said defendant kept the same."

The second was that the action was barred by each of sections 8243, 8264, 8267, 9011, 9029, 9048, 9063 and 9065, Revised Codes 1935.

The third was that at all the times in question both plaintiff and defendant were residents of the State of California, where the transactions occurred, and that the action was barred by certain designated statutes of that state. The affirmative matter in the answer was placed in issue by the reply.

Both plaintiff and defendant testified personally at the trial. Plaintiff's testimony was that on September 3, 1913, in the office of Charles Francee, a notary public at San Francisco, and in his presence, defendant signed the notes and mortgages, acknowledged the latter before the notary public, and delivered them to plaintiff; that she thereupon delivered to defendant $5,000 in cash and forwarded the mortgages to the county clerk at Butte for recording, after which she received them back; that she had at all times remained the owner of the notes and mortgages; that the payments were made by defendant as pleaded in the complaint, and that one-half of each payment was applied upon each note.

When plaintiff rested her case defendant moved for dismissal

upon several grounds, but his motion was denied. Defendant then testified that he had signed both notes and both mortgages, but that he had never delivered them to plaintiff; that at the same time plaintiff "gave a release, a release of satisfaction" but that the papers disappeared and that he was unable to find them; that plaintiff had never paid him any cash or other consideration for the notes or mortgages; that "it was only for her protection in the event I should die or anything should happen to me." He did not explain how undelivered notes or mortgages could protect the plaintiff except that "if I died there was the office; she could get everything there. All she had to do was get it;" that even though the mortgages were never recorded "that would make no difference because she could record it" even after his death; that although the notes and mortgages were never delivered, he took the releases for fear that plaintiff might get possession of the former. He testified further that he had never made any payments on the notes, and that the payments of which plaintiff testified were of money paid for her support; that "first she sued me for divorce in 1932. She didn't want any divorce and she got that set aside and then she brought another suit and so many of these suits. There is a place there where she signed a release where she claimed I owed her $400.00 more and there was another one for $800.00, but that was a different mortgage. I did owe her that much."

Defendant admitted stating in an affidavit dated September 30, 1913, and filed with the clerk of the district court of Silver Bow county on October 11, 1913, and also in his answer in the cause of Grace Hogevoll v. Swan T. Hogevoll, sworn to before Charles Francee, notary public at San Francisco, on November 11, 1913, and filed with the clerk of the court on November 15, 1913, that his only property consisted of these two houses, and that they were heavily encumbered and mortgaged. He said at first that the affidavit referred to other mortgages than the ones in question here but finally in answer to the question, "Do you know of any other mortgages by any other persons except

the two mortgages you gave to your wife?" he replied, "I guess not. That's right, but I got no money from my wife."

On this record the district court made specific findings of fact and conclusions of law in plaintiff's favor and rendered decree accordingly. The latter specifically provided that there should be no deficiency judgment taken against defendant. Being based upon substantial evidence, the court's action must be sustained unless errors of law are shown.

We will first consider defendant's contention that the cause is governed, not by the statutes of limitations of the forum, the State of Montana, but by those of California, in which the transactions occurred and of which the parties then and at all times thereafter were residents.

In general actions are governed by the statutes of limitations of the forum. Restatement, Conflict of Laws, secs. 603, 604; 37 C. J. 729, secs. 46, 47; Id., 731, sec. 49; 11 Am. Jur. 505, sec. 191; 34 Am. Jur. 51, sec. 51. Consequently it is generally immaterial whether action is or is not barred by the law of the foreign jurisdiction in which the transaction occurred. The only exception is where the statutes of the forum make them applicable (37 C. J. 729, sec. 46), as was provided by section 55 of the Code of Civil Procedure of Montana Territory. R. S. 1887, p. 70, sec. 55. In Chevrier v. Robert. 6 Mont. 319, 12 Pac. 702, 703, our Territorial Supreme Court said: "When an action is brought in the courts of this territory, on a cause of action arising beyond its limits, and the statutes of limitation are invoked, it is only necessary to inquire what are the statutes of Montana, and, under section 55 of the Code of Civil Procedure, to inquire, further, what are the statutes of the state or country where the cause of action arose or originated, or, it may be expressed, when the demand was created, and first became enforceable?"

Our present statute, section 9063, Revised Codes 1935, provides in part as follows: "Where a cause of action, which does not involve the title to or possession of real property within the state, accrues against a person who is not then a resident of

the state, an action cannot be brought thereon in a court of the state against him or his personal representative, after the expiration of the time limited by the laws of his residence for bringing a like action, except by a resident of the state, * * *.''

Thus it is clear that the statutes of California can have no application to a cause of action which does involve the title to or possession of real property within Montana. Defendant contends that this is not such a case because under Montana statutes (Secs. 8224 and 8229) a mortgage or other lien does not transfer any title to the property. But the question is not whether the mortgage transfers title to the property. The question is whether the cause of action involves the title to or possession of the property. It is apparent that the cause of action, which is for the foreclosure of a mortgage, involves the title to or possession of the property. Malvaney v. Yager, 101 Mont. 331, 54 Pac. (2d) 135. It is our conclusion, therefore, that this action is governed by the statutes of limitations of Montana and not by those of California. Consequently it is not material whether the action would be barred by the statutes of California.

The debts evidenced by the notes are not barred by the Montana statutes of limitations, for the limitation to an action upon ''any contract, obligation, or liability, founded upon an instrument in writing'' is eight years (Sec. 9029), and while in general no acknowledgment or new promise takes the case out of the operation of that statute unless in writing signed by the party to be charged (Sec. 9062), the same section provides, ''But this section does not alter the effect of any payment of principal or interest, which payment is equivalent to a new promise in writing, duly signed, to pay the residue of the debt.''

The next question is whether nevertheless the enforcement of the mortgage lien itself is barred. Real estate mortgages may be renewed or extended either by writing with the formalities required in the case of a grant of real property (Sec. 8264) or by the mortgagee's affidavit of renewal. Sec. 8267; O. M. Corwin Co. v. Brainard, 80 Mont. 318, 260 Pac. 706; Vitt v. Rogers, 81 Mont. 120, 262 Pac. 164; Frisbee v. Coburn,

101 Mont. 58, 52 Pac. (2d) 882. Neither method was followed in this instance, and the question is whether as between the mortgagor and the mortgagee the lien nevertheless still exists.

Section 8267 now provides, by virtue of an amendment made in 1933, that every mortgage duly made, acknowledged and recorded "shall be good as against all from the time it is so recorded until eight years after the maturity of the entire debt or obligation secured thereby and no longer," unless within sixty days after the expiration of that period the mortgagee or his successor in interest files in the office where the mortgage is recorded an affidavit stating certain things. Prior to the 1933 amendment the statute, which became effective on February 17, 1913, provided that unless the affidavit were so filed the mortgage was good and valid for only the eight year period, as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent purchasers or encumbrancers." Prior to the amendment this court held that under that section and section 8243, which provides that a lien is extinguished by the lapse of time in which an action can be brought upon the principal obligation, a mortgage is good as between the mortgagor and the mortgagee without the filing of the affidavit or the making of any renewal agreement so long as the debt is kept alive. Skillen v. Harris, 85 Mont. 73, 277 Pac. 803; Vitt v. Rogers, supra; Reed v. Richardson, 94 Mont. 34, 20 Pac. (2d) 1054; Leffek v. Luedeman, 95 Mont. 457, 27 Pac. (2d) 511, 91 A. L. R. 286.

The 1933 amendment to section 8267 did not, like the statute originally enacted in 1913, contain any saving clause allowing further time for the filing of the affidavit with reference to mortgages as to which the period had already run. Thus the amendment cannot constitutionally be held to apply to the present case (Western Holding Co. v. Northwestern Land & Loan Co., 113 Mont. 24, 120 Pac. (2d) 557), and the mortgage lien is still valid as between the parties to this action.

Sections 9011 and 9048 which defendant pleads as bars to the action have no such effect. Section 9011 merely pro-

vides that civil actions can be commenced only within the periods prescribed by the applicable statute of limitations, and section 9048 provides for a toll of the limitations while a defendant is outside of the state.

Appellant advances the further argument that since the transaction occurred in California between residents of that state and since it was there that performance was to have been made and the default occurred, the sole and only jurisdiction of an action on the note is in the courts of California; that the Montana courts are without any jurisdiction of the action on the note and that their only jurisdiction would be of an action to subject the mortgaged property to a California judgment on the note.

It is true that some actions are said to be local rather than transitory so as to be enforceable only in the courts of a certain state; but the test is not merely where in fact the cause of action arose but whether in its nature it could only have arisen there. 14 Am. Jur. 442, section 228; 21 C. J. S. Courts, p. 47, secs. 38, 39. Stated otherwise, "the distinction between local and transitory actions exists in the nature of the subject injured, and not in the means used or the place where the cause of action arises." 14 Am. Jur. 430, section 238. Thus, in general, actions on contracts like the one here in question are transitory. 21 C. J. S. Courts, p. 48, sec. 41; 14 Am. Jur. 423, section 229. The books are full of litigation of that nature in states other than those in which the causes arose. If such action were not permitted, a note could never be sued upon unless the defendant could be found and served in the state where it was made or unless it were secured by mortgage or pledge and were otherwise enforceable by an action in rem. If as contended by defendant he can be sued upon the note in California only, he might have deprived the plaintiff of all remedy under the note and mortgage by leaving California before the note became due so that no judgment could have been had against him on it. Clearly, the law is otherwise.

While in general a contract may be said to be governed by

the law of the state where it was made and where it was to have been performed, it does not follow that the courts of that state have exclusive jurisdiction of an action thereon; especially is such result impossible where the contract affects the title to property in another state and thus manifestly must be litigated there. In such case the action is said to be local in the sense of being peculiarly within the jurisdiction of the state where the land is situated rather than in the state where the contract was made or the cause of action accrued. 21 C. J. S., Courts, p. 53, sec. 45; 41 C. J. 831, sec. 1005; 14 Am. Jur. 430, section 238; 37 Am. Jur. 38, sections 540, 541; Lilly-Brackett Co. v. Sonnemann, 157 Cal. 192, 106 Pac. 715, 718, 21 Ann. Cas. 1279.

In the last cited case the California court referred to the fact that both parties to the transaction were in Massachusetts when the note and mortgage were made and when payment became due, and said that on breach of the obligation "a cause of action *on the note alone* arose in Massachusetts." Appellant construes those words as meaning that only the Massachusetts court could have jurisdiction of the action on the note, yet the California court recognized its own jurisdiction and denied foreclosures solely because the note had become barred by the laws of Massachusetts. That result was in accord with the California statute of limitations (section 361, Code of Civil Procedure) upon which our Code section 9063, supra, seems to have been based but which did not, like our statute, except from the application of the foreign statute of limitations actions involving the title to real property within the state. Thus the California case sustains the general rule and not the argument of appellant. There can be no doubt that the trial court had jurisdiction of the subject of action.

With respect to the jurisdiction obtained by publication of summons, appellant objects because the affidavit for publication "does not say whether or not this is an action in rem or in personam, or what kind of an action it is, nor does it state any facts therein, showing that this is an action upon which a

summons may be issued.'' The affidavit did, however, comply fully with the statute (section 9117, Revised Codes, as amended by Chapter 110, Laws of 1941), which makes no such requirement.

This disposes of all of defendant's objections except the point ▮▮▮▮▮▮ raised upon his special appearance by motion to quash the summons and service thereof on the ground that the published summons was insufficient. The objection was that the ''general statement of the nature of the action'' required by section 9119 to be included in the summons for publication was insufficient in that it did not mention the payments relied upon to toll the running of the statute of limitations. The statement fully described the notes and mortgages, recited that the suit was to recover the money due on the notes and to foreclose the mortgages given to secure them, and showed that the plaintiff and defendant were the mortgagee and mortgagor respectively.

In Montana it is not necessary to plead facts tolling the statute of limitations (Leffek v. Luedeman, supra), for the bar of the statute is a matter of defense. Sec. 9065. Even if the rule were otherwise it would not follow that the entire cause of action need be stated in the summons for publication. The matter included in the summons amply complied with the requirements for ''a general statement of the nature of the action.''

Furthermore, in spite of a few decisions apparently to the ▮▮▮▮▮ contrary (Black v. Clendenin, 3 Mont. 44; State ex rel. Lane v. District Court, 51 Mont. 503, 154 Pac. 200, L. R. A. 1916E, 1079), this court has repeatedly held that by a general appearance defendant waives issuance of summons (Sec. 9106) and objections to jurisdiction over his person. State ex rel. Mackey v. District Court, 40 Mont. 359, 106 Pac. 1098, 135 Am. St. Rep. 622; Davidson v. O'Donnell, 41 Mont. 308, 110 Pac. 645; Hinderager v. MacGinniss, 61 Mont. 312, 202 Pac. 200; Smith v. Franklin Fire Ins. Co., 61 Mont. 441, 202 Pac. 751; State ex rel. Carroll v. District Court, 69 Mont. 415, 222 Pac. 444; Gravelin v. Porier, 77 Mont. 260, 250 Pac. 823; Gilna v. Barker, 78 Mont. 357, 254 Pac. 174; State ex rel. Bingham v.

District Court, 80 Mont. 97, 257 Pac. 1014; Paramount Publix Corporation v. Boucher, 93 Mont. 340, 19 Pac. (2d) 223; State ex rel. Murphy v. Second Judicial District Court, 99 Mont. 209, 41 Pac. (2d) 1113.

The judgment appealed from is hereby affirmed.

Associate Justices Morris, Adair, Cheadle, and Angstman, concur.

Rehearing denied October 10, 1945.