NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM GOULETTE,

Plaintiff - Appellant,

v.

UNITED WHOLESALE MORTGAGE,
LLC,

Defendant - Appellee.

No. 25-1810

D.C. No.
9:24-cv-00175-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted June 22, 2026[**]

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

William Goulette appeals pro se from the district court's judgment

dismissing his diversity action alleging breach of contract against United

Wholesale Mortgage.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 946 (9th Cir. 2014). We affirm.

The district court properly dismissed Goulette's action under the local action doctrine because Goulette's action concerned real property in New Hampshire over which the district court lacked jurisdiction. *See Eldee-K*, 748 F.3d at 946, 951-52 (explaining that the local action doctrine "vests exclusive jurisdiction over . . . actions involving real property in the forum where that property is located," when "the allegations of the complaint and the relief sought" indicate that "the substance of the action relates to real property" under state law); *see also Hogevoll v. Hogevoll*, 162 P.2d 218, 222 (Mont. 1945) (explaining that, where a "contract affects the title to property in another state," an action based on that contract "is said to be local in the sense of being peculiarly within the jurisdiction of the state where the land is situated rather than in the state where the contract was made or the cause of action accrued"), *superseded by statute on other grounds as recognized in Boudette v. Boudette*, 453 P.3d 893 (Mont. 2019).

The district court did not abuse its discretion in denying Goulette's motion for default judgment because United Wholesale Mortgage timely filed a motion to dismiss under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(a)(4) (stating that "serving a motion under this rule alters" the deadline to file an answer); *Direct Mail*

*Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (explaining that a default judgment is inappropriate if defendant indicates its intention to defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (standard of review).

The district court did not abuse its discretion in denying Goulette's motions to vacate the order of dismissal and for reconsideration because Goulette failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rules of Civil Procedure 59(e) and 60(b)).

We reject as meritless Goulette's contentions that the district court was required to vacate the order of dismissal because of an error in the caption of the motion to dismiss and that this court improperly docketed filings by United Wholesale Mortgage.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**