## TOMPKINS v. VICKERS.
### No. 12323.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 12, 1951.

Rehearing Denied Oct. 17, 1951.

258

Anderson & Ratliff and J. Marvin Ericson, Corpus Christi, for appellant.

Alsup & Alsup and Joe J. Alsup, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Nueces County by Carl Vickers against John L. Tompkins, seeking to recover "the reasonable cost and expense and value thereof" of a water well drilled by Vickers upon the land of Tompkins. Vickers also sought recovery of $500 as attorney's fees, together with a foreclosure of a lien upon the land of Tompkins. The trial was to a jury and based upon their answers judgment was rendered in favor of Vickers against Tompkins in the principal sum of $1,503.69 and $500 as attorney's fees, together with foreclosure of a lien upon Tompkins' land, from which judgment John L. Tompkins has prosecuted this appeal.

Appellant's first contention is that reversible error was committed when appellee Vickers was permitted to testify that Tompkins had offered to pay him the sum of $1,250 in full settlement of the whole thing. Appellee was asked the following questions and gave the following answers:

"Q. Has any part of that bill been paid? A. No, sir.

"Q. Has John L. Tompkins ever made you an offer to pay one dime? A. He offered me $1,250.00 for the whole thing."

At the time these questions were asked and the answers were given no objection was made by opposing counsel, however, at a later date he did request the trial judge to declare a mistrial upon the ground that this testimony constituted evidence of an offer to compromise by appellant, and, when the case was submitted to the jury, attorneys for appellant requested the judge, and the judge instructed the jury not to consider the testimony. The failure of appellant to object to this testimony when it was given precludes him from now contending that it constitutes reversible error. In McCormick and Ray on Evidence, page 19, § 14, the rule is thus stated: "As to evidence taken at the trial the objection must be made when the evidence is offered, except where the ground of objection becomes apparent for the first time after the evidence has been received, in which case a motion to strike it out is in order. Where a specific question is asked, the objection must usually be made before the answer is given. But if there is nothing improper in the question and the answer contains inadmissible matter not responsive to the question, an objection then made will be considered. It takes the form of a motion to strike out the answer."

Appellee in his pleading had admitted that he was liable for the drilling of the well, but contended the amount should not exceed $800. Under such circumstance the evidence of an offer of compromise was not of such highly prejudicial nature that it would entitle the appellant to a reversal of the cause where not objected to at the time the question was asked and before the answer was given. The trial judge at the request of appellant instructed the jury not to consider the evidence and that was all that was required of him under the circumstances.

The trial court properly allowed recovery of attorney's fees in the sum of $500. The recovery of attorney's fees in a case of this kind is provided for by Article 2226, Vernon's Ann.Civ.Stats. It is true that in the case of Thompson v. H. Rouw Company, 237 S.W.2d 662, this Court held that attorney's fees could not be recovered under provisions of this article where the suit was based upon a recovery for damages to vegetables during an interstate shipment of the same. The reason for so holding is plainly pointed out in that case, but the opinion in no way fur-

nishes any reason for not permitting a recovery for attorney's fees in the present case.

Accordingly, the judgment will be in all things affirmed.