**C. W. McCOLLUM, Appellant,**

v.

**J. W. NOWELL, Appellee.**

No. 15589.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 18, 1955.

Raymond Wilson, Fort Worth, for appellant.

Slay & Slay, and Roger L. Neathery, Fort Worth, for appellee.

RENFRO, Justice.

The appellee Nowell brought suit against appellant McCollum in the nature of a sworn account for value of certain work, labor and materials furnished appellant. The various services and materials were itemized and made a part of the petition. Appellee's petition also contained a prayer for attorney's fees.

The appellant's answer merely denied the justness of certain items set out in appellee's petition and agreed that others were correct. His answer did not controvert appellee's pleadings to the effect that the suit was for work and labor done and materials furnished, nor that the claim was presented thirty days prior to filing suit. The correctness of some of the items was agreed to and they were not submitted to the jury. Some of appellee's claims against appellant were submitted to the jury, and, as defensive issues, some of appellant's claims for additional credits were submitted to the jury. Appellant made no objection to the court's charge and requested no additional issues.

Two days after the verdict was returned, appellant filed a motion for judgment non obstante, in which, for the first time, he challenged the jurisdiction of the court on the ground that attorney's fees were not recoverable in the action appellee had brought against him, and without the inclusion of attorney's fees the amount for which suit was brought was below the jurisdiction of the district court. The motion was overruled and judgment entered for appellee for $501.66, which included $100 attorney's fee.

In points 1, 3, 4, 5 and 8, appellant contends the court erred in holding Article 2226 applicable to appellee's suit; in awarding $100 as attorney's fees; and, further, he contends that said amount was not reasonable and that Article 2226, R.C.S., Vernon's Ann.Civ.St., was unconstitutional as being in violation of the Fourteenth Amendment to the Constitution of the United States.

Under the provisions of Article 2226, R.C.S., "Any person having a valid claim against a person * * * for personal services rendered, labor done, material furnished, * * * may present the same to such person * * *; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person * * *, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, * * *."

■ The contention that the statute is unconstitutional is overruled, under authority of Missouri, Kansas and Texas R. Co. of Texas v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135, wherein the Supreme Court of the United States held that the statute in its then form (Articles 2178–2179) was not in violation of the Fourteenth Amendment to the Constitution of the United States. In our opinion, there is nothing in the law as it now reads to bring it in violation thereof.

The record reflects that appellant employed appellee to clear and level certain land and do other work. The labor was performed by appellee's employees. Some materials, itemized in the petition, were furnished by appellee.

■ It is our opinion that under the evidence the appellee was entitled to recover attorney's fees under the provisions of Article 2226, supra. J. H. Hubbard and Son, Inc., v. Greer, Tex.Civ.App., 255 S.W. 2d 389; Lewis v. Jones, Tex.Civ.App., 251 S.W.2d 942; Chastain v. Cooper & Reed, Tex.Civ.App., 250 S.W.2d 652. Other cases supporting our position are: Government Personnel Mutual Life Insurance Co. v.

Wear, 151 Tex. 454, 251 S.W.2d 525; Chastain v. Cooper & Reed, Sup., 257 S.W.2d 422; Mitchell v. M. M. M., Inc., Tex.Civ.App., 261 S.W.2d 472, reversed on other grounds in Sup., 265 S.W.2d 584. In some of the cited cases the attorney's fees were limited to $20 because the claims arose before the statute was amended to allow reasonable attorney's fees.

Appellant relies on Felton v. Johnson, 112 Tex. 412, 247 S.W. 837; Reece v. Langley, Tex.Civ.App., 230 S.W. 509; and Sowell v. Weisinger, Tex.Civ.App., 228 S.W.2d 574. In those cases a venue statute applicable to justice of the peace courts was involved and the cases cited are not applicable to Article 2226.

■ We also overrule appellant's contention that the $100 fee was not reasonable. The record is before us with an abbreviated statement of facts, partly narrative and partly in question and answer form, containin only such portions of the testimony as the appellant directed the court reporter to include. That part of the evidence, if there was any, bearing on the reasonableness of attorney's fees is not included. It does appear, however, in the record that the parties in open court agreed that the amount of attorney's fees would not be submitted to the jury but left to the court.

The record before us reflects a vigorously contested law suit before a jury, which, from its very nature, required extensive preparation and considerable time for trial. The trial court had before him all the evidence and what services were performed. Under the circumstances we cannot say the attorney's fee was not reasonable. Under Article 2226 the only limitation of amount of attorney's fees is that they must be reasonable. Bellinger v. Schutte, Tex.Civ. App., 244 S.W.2d 261, writ refused; Tompkins v. Vickers, Tex.Civ.App., 243 S.W.2d 257.

■ Appellant contends the fee was not allowable because appellee did not recover the full amount for which he sued. We merely cite that portion of the statute which provides that a reasonable attorney's fee may be allowed if any amount of the claim be recovered.

By points 2, 6 and 7, the appellant contends there was a conflict in the jury's answers to special issues Nos. 7 and 8, and that the court erred in attempting to correct the answer of the jury to special issue No. 7.

Issues Nos. 7 and 8 were defensive issues, seeking to establish appellant's contention that he was entitled to more credit on his indebtedness than he had been given by appellee. Appellant was in a similar business to appellee. The parties agreed that he would do work for appellee on the "Cleburne job" and whatever he earned would be credited to his debt to appellee. The dispute at the time of trial was over the amount of pay per hour appellant was supposed to receive from appellee for tractor and scraper work done by appellant on the "Cleburne job," and the number of hours worked. Issue No. 7 read: "From a preponderance of the evidence, what hourly rate of pay was agreed upon between McCollum and Nowell for McCollum's work on the Cleburne job?" Inadvertently, the charge carried this instruction: "Answer in dollars per day." The jury answered $12.50. Issue No. 8 inquired how many hours appellant worked on the Cleburne job.

We do not agree with appellant that the answers are in conflict. Issue No. 7 inquired about pay rate and Issue No. 8 inquired about the length of time worked.

■ Neither do we agree that the court committed reversible error in disregarding the words, "per day," in the instruction to Issue No. 7 and treating the answer as $12.50 per hour. All the evidence from both parties was that McCollum worked on an hourly basis. He testified that his debt to appellee was to be credited at the rate of $10 per hour, while appellee testified that he agreed to credit appellant $12.50 per hour. So, in giving appellant credit for $12.50 per hour, the trial judge actually gave him $2.50 per hour more credit than he claimed. We

do not see how he could possibly have been harmed by the ruling of the court. Appellee, not appellant, was the only one whose substantial rights were changed and he is not complaining.

The judgment of the trial court is affirmed.