**A. E. STOKES and Estelle Stokes,
Appellants,**

**v.**

**James H. REEVES and Isham P. Nelson,
Jr., Doing Business as Reeves and
Nelson, Appellees.**

**No. 15354.**

United States Court of Appeals
Ninth Circuit.

May 31, 1957.

Royce D. Sickler, Denver, Colo., Herbert W. Clark, San Francisco, Cal., for appellants.

Fred N. Dugan, Billings, Mont., Yale B. Griffis, Dallas, Tex., for appellees.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

These are appeals by A. E. Stokes and his wife Estelle Stokes from a judgment of the district court for the District of Montana, sitting in a diversity suit without a jury, holding Mr. and Mrs. Stokes jointly and severally liable for $2,000 plus $400 attorneys' fees to appellees Reeves and Nelson. Appellees, a firm of accountants in Dallas, Texas, are residents of Texas and appellants are and were when this action was commenced citizens of Montana.

The complaint alleged that appellees had rendered professional services to appellants in the amount of $3,038.22 and that a bill for this amount had been presented to appellants prior to the commencement of the action. Judgment for that amount plus $750 attorneys' fees as authorized by Art. 2226, Tex.Rev.Stat., Vernon's Ann.Civ.St.Tex. art. 2226, was prayed. At the conclusion of the trial the district court, without making findings of fact or stating conclusions of law as required by Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A., rendered the judgment from which this appeal is taken.

It appears from the evidence that at the request of appellant A. E. Stokes, appellees undertook in 1952 to prepare and file federal income tax returns for Stokes for the years 1946 through 1952. In addition to these personal returns of A. E. Stokes, appellees at his request prepared returns for his first wife, Evelyn, for the years 1946, '47 and '48, and for his second wife, Estelle, appellant herein, for the years 1951 and 1952, and during the period 1946–48, four returns for various business enterprises of Stokes.

With regard to appellant Estelle Stokes, the testimony of appellee Reeves is that he never had any communication with her concerning his employment with respect to her income tax returns. There is no statement in the complaint of the value of the services rendered to her, much less that they amounted to $3,000. Therefore there is a lack of jurisdiction over the claim against her, and the action against her is ordered dismissed for failure of the complaint to state a claim within the jurisdiction of the court.[1] Cf. Vance v. W. A. Vandercook Co., 1898, 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111; St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

---

1. The situation is thus quite different from that presented in Bell v. Preferred Life Assur. Society, 1943, 320 U.S. 238, 64 S. Ct. 5, 88 L.Ed. 15.

■ With regard to the claim against A. E. Stokes the evidence is conflicting. Appellee Reeves testified that he rendered a bill for the amount here sued for by mailing it to appellants in Montana. He further testified that he tendered a bill for this amount personally to A. E. Stokes in his, appellee's, office in Dallas, Texas, and that at no time did. Stokes object to the amount claimed. A. E. Stokes, on the other hand, testified that appellees agreed with him that the total charges for all work done, except the preparation of the returns for appellant Estelle Stokes, would be $1,500. He further testified that he did not receive the bill for the amount sued for which appellee Reeves testified was mailed to Stokes in Montana, and that he, Stokes, personally objected to the amount of the bill to appellee Reeves in the latter's office in Dallas.

Since the district court made no findings of fact, this court is unable to determine which testimony was believed by the trial court. The judgment sheds no light on this question, since its amount was less than that claimed by appellees and exceeded the amount ($1,500) which A. E. Stokes admitted he owes appellees. The record indicates no theory which supports judgment in the amount awarded. In this situation the failure of the trial court to make appropriate findings effectively prevents this court from reviewing the case on appeal, and it follows as to the claim against appellant A. E. Stokes that the case must· be remanded to the district court. 5 Moore, Federal Practice Par. 52.06 [2] (1951).

Since the case may be heard by a judge who did not hear the witnesses testifying viva voce, such remand must be for a new trial.

One question of law is presented on this appeal by the record before us, and we will decide this question for the guidance of the court below. It appears that the work for which appellees here seek compensation was performed in Texas, that the agreement for the performance of this work was made in Texas, and that appellees are and appellant Stokes was or may have been a resident of Texas when he hired appellees to work for him and when the work was done.

If the evidence adduced at the new trial is substantially similar to that in the record before us, the district court may well find that the law under which the claim asserted arises is that of Texas. The district court will then be faced with the question whether Art. 2226 of the Texas Revised Statutes, which allows "reasonable" attorneys' fees to a successful plaintiff in actions of this kind, is applicable in a federal court sitting in diversity in Montana.

■■ It is clear that where there is a statute allowing attorneys' fees to a successful litigant in effect in the *state* in which the federal court is sitting, it is applicable in that court in diversity cases, and the amount claimed thereunder may be taken into account in determining whether the jurisdictional amount is involved. Missouri State Life Ins. Co. v. Jones, 1933, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267; Crescent Lumber & Shingle Co. v. J. C. Rotherum, 5 Cir., 1955, 218 F.2d 638. Thus the claim under a state statute for attorneys' fees is characterized as substantive for the purpose of determining its applicability in the federal courts. Of course, the fact that such a statute of a state in which a federal court is sitting is characterized as "substantive" for the purpose of applying it in that court does not mean that such a statute in one state is to be so characterized for the purpose of applying it in another state or federal court in another state.[2]

■ The Montana law is that attorneys' fees are allowable only where expressly provided for by statute,[3] and that while there are several such stat-

**2.** See, e. g., Sampson v. Channel, 1 Cir., 1940, 110 F.2d 754, 128 A.L.R. 394.

**3.** In re Mickich's Estate, 1943, 114 Mont. 258, 280, 136 P.2d 223, 232. This is the general rule. See cases cited, 14 Am.Jur. 38.

utes in Montana [4] none is applicable to a claim on account stated for services rendered. Under the rule of Klaxon Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, the applicability of the Texas statute allowing attorneys' fees in the federal court sitting in diversity in Montana must be determined according to the Montana rules of conflicts of law. No Montana decision or statute has been cited nor have we been able to find any deciding this question.

Hence, if there be no such Montana authority, the question to be decided is whether, if suit were brought on the claim here asserted in a Montana court, and that court found that the claim arose under Texas law, it would apply the Texas statute allowing attorneys' fees—which reads in pertinent part as follows:

"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished * * * or suits founded upon a sworn account or accounts, may present the same to such person or corporation * * * and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also re-

cover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

Tex.Rev.Stat. Art. 2226 (Vernon's Ann. Civ.St.) [5]

In the absence of any Montana authority which would indicate whether a Montana court would characterize the foregoing Texas statute in question as "substantive" or "procedural" [6] for conflict of laws purposes, we are faced with the necessity of deciding this difficult question of law of that state. State statutes allowing costs rather than attorneys' fees have been held by the few cases in which the question has arisen to be "procedural" for conflict of laws purposes and have been denied application by courts outside the state.[7] If therefore the Texas statute in question were considered to be in the nature of a statute fixing costs, it could well be argued that it would be inapplicable in a court, state or federal, sitting in Montana. Attorneys' fees however are not usually considered as costs.[8] We think there is a significant difference between the Texas statute allowing attorneys' fees, and statute regulating costs. The Texas statute purports to create a right to attorneys' fees in action for the value of services rendered. The amount of such fees is fixed by the jury,[9] and is apparently treated substantially as is any claim in which the trier

4. Mont.Rev.Code, § 45–602 (actions to recover wages), § 72–405 (actions for damages for injury to livestock), § 73–115 (actions to compel the release of oil and gas leases), § 93–6007 (mortgage foreclosure actions), §§ 93–8614, 93–8615 (actions to foreclose certain liens) (1954).

5. While the words "suits founded upon a sworn account or accounts" were added to the statute by amendment after the claim asserted herein appears to have arisen, it appears that the statute prior to the amendment had been interpreted to allow attorneys' fees in actions upon a sworn account for labor performed and materials furnished. McCollum v. Nowell, Tex.Civ.App.1955, 275 S.W.2d 866; J. H. Hubbard v. Greer, Tex.Civ.App. 1953, 255 S.W.2d 389, 391–392.

6. The general rule in conflict cases is that matters of procedure or remedy are controlled by the local law of the forum. Cases cited 11 Am.Jur. 498. It appears that Montana follows the generally accepted doctrine. Hogevoll v. Hogevoll, 1945, 117 Mont. 528, 533, 162 P.2d 218 (forum statute of limitations applied rather than foreign).

7. Heath v. Griswold, C.C.D.Vt.1881, 5 F. 573, 576; Security Co. of Hartford v. Eyer, 1893, 36 Neb. 507, 54 N.W. 838, 840.

8. Missouri State Life Ins. Co. v. Jones, supra.

9. Gulf Paving Co. v. Lofstedt, 1945, 144 Tex. 17, 188 S.W.2d 155, 160; Holstein v. Grier, Tex.Civ.App.1953, 262 S.W.2d 954.

of fact determines the amount of compensation to be allowed.[10]

■ We think that a Montana court applying Montana rules of conflicts of law would characterize the Texas statute as creating a substantive right in a party who has a claim for services rendered under Texas law, and would therefore hold that the Texas statute is applicable in the present case, if it found that the claim sued on arose in Texas. Therefore, if there then be no Montana decision, and upon the new trial of appellees' claim against A. E. Stokes, the district court finds that the claim asserted arises under the law of Texas, appellees will be entitled to have the trier of fact fix a reasonable attorneys' fee under the Texas statute.

The case is remanded to the district court for further proceedings not inconsistent with this opinion.

10. The amount awarded by the jury cannot be increased by an appellate court. Grimes v. Robitaille, Tex.Civ.App.1956, 288 S.W.2d 211. An appellate court may set aside an award of attorneys' fees only where it was improper under the statute as a matter of law. Johnson v. Hays Furniture Co., Tex.Civ.App.1956, 233 S.W.2d 934, 937.