In re **PEACHTREE LANE ASSOCIATES, LTD., Debtor.**

**PEACHTREE LANE ASSOCIATES, LTD., Plaintiff,**

v.

**Harry GRANADER, Alan Granader, and Daniel Granader, Defendants.**

Bankruptcy No. 94 B 14909.

Adv. No. 94 A 1468.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Sept. 20, 1995.

William J. Campbell, Leroy G. Inskeep, J. Douglas Baldridge, Mark P. Naughton, Rudnick & Wolfe, Chicago, IL, for debtor/plaintiff.

Jeffrey W. Finke, Raleigh, Helms & Finke, Chicago, IL, for defendants.

## MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

### Background

The Debtor brought an adversary proceeding against adjoining landowners, seeking a declaratory judgment under a grant of easement and to enjoin the Defendants from encroaching upon the Debtor's property. The Defendants filed a six count counterclaim for actual damages, punitive damages and attorneys' fees. Following a bench trial, judgment was entered in favor of the Debtor on January 6, 1995.

On January 20, 1995, the Debtor filed an application for attorney's fees and costs incurred in the adversary proceeding pursuant to a provision in the grant of easement that entitles the "prevailing party" to recover attorneys' fees "from the defaulting party."[1] On July 12, 1995, (after the application had been amended several times) the Defendants filed a jury demand on the issue of the Debtor's right to the attorneys' fees requested. The Debtor's motion to strike that jury demand will be granted.

### Motion to Strike

█ The Debtor has moved to strike the Defendants' jury demand on two grounds. Relying on *RTC v. Marshall*, 939 F.2d 274, 179–280 (5th Cir.1991) and *Continental Bank, N.A. v. Everett*, 861 F.Supp. 642, 644–645 (N.D.Ill.1994), the Debtor argues that there is no right to a jury trial on a collateral motion for attorneys' fees. The Debtor also

contends that this issue has already been resolved by the United States District Court on a prior motion to withdraw the reference and that ruling controls the current request. District Court Judge Castillo previously ruled:

> For all the foregoing reasons, the Court finds that Defendants are not entitled to a jury trial. Accordingly, Defendants' motion for withdrawal of reference of the adversary proceeding is denied. [*In re Peachtree Lane Associates, Ltd.*, 175 B.R. 232, 237–238 (N.D.Ill.1994).][2]

The Defendants argue that Texas law governs their right to a jury trial and under Texas law they are entitled to have a jury decide their liability for attorneys' fees under the contract. Defendants also argue that the Debtor is not the real party in interest because other parties have paid the attorneys' fees.

### Applicable Standards

*Right to a Jury Trial on a Collateral Motion for Attorneys' Fees*

█ It is well established that federal, not state law, determines whether there is a right to a jury trial in a federal court. *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2nd Cir.1993); *Gallagher v. Enterprises, Inc.*, 962 F.2d 120, 122 (1st Cir.1992). The Defendants have attempted to obfuscate this well established principle by arguing that because the contract providing for recovery of attorneys' fees is governed by Texas law, the right to have a jury determine the availability of attorneys' fees must also be determined by Texas law. This position is simply incorrect.[3]

---

1. The contract provides:
   The prevailing party in any litigation pertaining to the rights and obligations of the parties hereto shall be entitled to recover such prevailing party's costs plus reasonable attorney's fees from the defaulting party or parties.

2. Judge Castillo determined that the defendants had lost their right to a jury trial by filing a counterclaim and by expressly asking the bankruptcy court to treat the counterclaim as a proof of claim. Judge Castillo reasoned that it is not so much the mechanics of filing a claim that waives the right to a jury trial but "seeking a piece of the bankruptcy estate—that has been determinative." *Id* at 237.

3. Because the Defendants argument that Texas law governs here is without merit, this Court will not spend valuable time discussing and distinguishing the cases cited by the Defendants on this point. However, consistent with the rest of their brief, Defendants have mischaracterized the holdings of many of those cases. For example, *Stokes v. Reeves*, 245 F.2d 700 (9th Cir.1957) does not, as the Defendants contend, hold that federal courts are required to hold jury trials to determine the amount of attorneys' fees. The court in *Stokes* determined that a Texas statute which allows the recovery of attorneys' fees may be treated as creating a substantive right for conflict of law purposes. The court then held

In *Simler,* 372 U.S. at 222, 83 S.Ct. at 610–11, the Supreme Court held:

> We agree with respondent that the right to a jury trial in federal courts is to be determined as a matter of federal law in diversity as well as other actions. The federal policy favoring jury trials is of historic and continuing strength. Only through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved. In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.

While *Simler* does instruct the court to consider the elements of the claim and remedies under state law, whether the matter is legal or equitable and thus whether there is a Seventh Amendment right to a jury trial is a matter of federal law.

The Defendants cite two bankruptcy cases in support of their contention that state law governs the right to a jury trial, *Matter of Reda, Inc.,* 60 B.R. 178 (Bankr.N.D.Ill.1986) and *In re Wencl,* 71 B.R. 879 (Bankr.D.Minn. 1987). In *Reda,* the court said in *dicta* that "[t]he right to a jury trial in federal court derives from the Seventh Amendment[4] to the United States Constitution, a federal statute or a state constitution or statute." *Id.* At 179. In support of this statement the court cited Fed.R.Civ.P. 38(a), which does not mention state law.[5] While the *Reda*

court concluded that there was a right to a jury trial on a conversion action, that conclusion was based upon the Seventh Amendment, not state law. The only role state law played in this decision was in the determination that conversion is an action at common law. This ruling is not inconsistent with *Simler.*

The Defendants also cite *Matter of Newman,* 14 B.R. 1014, 1016 (Bankr.S.D.N.Y. 1981) for the proposition that "the right to a jury trial on the issue of an award for attorneys' fees is controlled by applicable state law." *Defendants' Brief,* at p. 4. The court in *Newman* actually held that "the trustee's ... causes of action for attorneys' fees incurred as a result of having to commence the fraudulent conveyance action are essentially equitable in nature; to be determined by the court and not a jury."

Although the Defendants later recognize that federal law governs procedural issues (e.g., the right to a jury trial), Defendants argue that because bankruptcy courts are not Article III courts (citing *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 60–61, 102 S.Ct. 2858, 2865–66, 73 L.Ed.2d 598 (1982)) they are not subject to the Rules of Decision Act (28 U.S.C. § 1652).[6] Therefore, they argue federal law does not govern procedural issues in bankruptcy courts. Bankruptcy court decisions are reviewed by Article III courts, which are certainly bound by the Rules of Decisions Act. The Defendants are thus arguing that this court should apply rules of law that are different than the rules that will be applied

---

that if Texas law applied the Reeves were entitled "to have the trier of fact fix a reasonable attorneys' fee under the Texas statute." *Id.* at 703.

**4.** The Seventh Amendment provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

**5.** Rule 38(a) provides: "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed.R.Civ.P. 38(a).

**6.** Section 1652 provides: "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." Section 451, which defines "court of the United States" failed to include bankruptcy courts. Notwithstanding that omission, the district court has recently held that bankruptcy courts are implicitly included in the definition by "their status as units of the district courts." *In re Volpert,* 186 B.R. 240, 245 (N.D.Ill.1995).

on review. The absurdity of that argument negates the need to linger over it any longer.

Under federal law the Defendants' have no right to a jury trial on the post-judgment determination of attorneys' fees. *Resolution Trust Corp. v. Marshall,* 939 F.2d 274, 279 (5th Cir.1991); *Continental Bank N.A. v. Everett,* 861 F.Supp. 642, 645 (N.D.Ill.1994). In both cases the courts determined that the right to recover attorneys' fees was not recognized under the common law and, therefore, the Seventh Amendment does not require a jury determination on the amount of fees. *Marshall,* at 279; *Continental Bank,* at 644–45.[7]

Although in *Simler* the Supreme Court determined that there was a right to a jury trial, *Simler* is factually distinguishable. *Simler* involved a dispute between an attorney and client on a contingent fee contract and has been frequently distinguished on that basis. *Continental Bank,* at 645;[8] *McGuire v. Russell Miller, Inc.,* 1 F.3d 1306, 1314 (2nd Cir.1993).[9]

One court has, however, distinguished between the right to a jury trial of a party's entitlement to fees under a contract and the determination of a reasonable amount of fees. *McGuire.* In *McGuire* the court held that there is a right to a jury trial on the former, but not the latter. *Id.* at 1314, distinguishing

*Marshall.* The court agreed with the result in *Marshall* that the judge should determine the amount of attorneys' fees. Because the jury in *McGuire* had already decided that there was a contractual right to recover attorneys' fees, the courts determination that this must be determined by a jury is *dicta.* In *Morse/Diesel, Inc. v. Trinity, Indus.,* 875 F.Supp. 165 (S.D.N.Y.1994) the court explained *McGuire* as merely requiring "factual issues relating to a party's entitlement to fees—like all other factual issues—must be decided by the finder of fact." *Id.* at 179.

■ Defendants' contention that the present request for attorneys' fees is not a collateral, post-judgment matter because the attorneys' fees were paid by affiliates of the Debtor is equally unavailing. The Defendants argue that the Debtor is not the "real party in interest in this proceeding inasmuch as it did not pay Rudnick & Wolfe." The Debtor was the party to the contract that is and has been the subject of this adversary proceeding; the same contract that provides for recovery of attorneys' fees by the "prevailing party." The Debtor was also the "prevailing party" in this action. The fact that Rudnick & Wolfe was actually paid by a check from entities other than the Debtor does not change the character of the Debt-

---

7. Citing *Budinich v. Becton Dickinson and Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) the court in *Marshall* stated: "A recent Supreme Court decision supports the proposition that in federal courts attorneys fees authorized by statute are properly awarded by the court as a post-judgment matter collateral to the decision on the merits." *Marshall,* 939 F.2d at 280, n 2. *See also First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197, 1199 (5th Cir.1990) (finding that although *Budinich* involved attorneys' fees provided by statute, "it is clear from its sweeping language that *Budinich* applies with equal force where attorneys' fees are sought under *contract.*") (emphasis in original).

8. In yet another example of mischaracterizing the holding of a case, Defendants stated that *Continental Bank* "expressly approved the result in *Simler* and held that there is a Seventh Amendment right to jury trial in a contract action for attorneys' fees." *Defendants' Brief* at p. 7. To the contrary, in *Continental Bank* the court held that the defendants were not entitled to a jury trial on the issue of attorneys' fees and distinguished *Simler* on the basis that it involved

"an action by an attorney against his client for past unpaid legal services. For Seventh Amendment purposes there is a distinction between attorneys' fees as the measure of damages in an action in contract and attorneys' fees as a post-judgment remedy to be awarded to the prevailing party." *Id.* at 645.

9. In *McGuire* the court stated:

"It appears that since Simler v. Conner, the Supreme Court has not extended the right to a jury trial as to the amount of attorneys' fees beyond the limited context of a dispute about a contingent fee contract. Simler v. Conner stands principally for a rule not at issue in this case—that federal law controls availability of a jury trial even when state law controls the substance of the case—and can be distinguished as saying only that the dispute about a contingency fee contract in that case was the type of breach of contract suit, by one party to a services contract against another for damages, which was traditionally an action at law and thus triable to a jury under the Seventh Amendment." *Id.* at 1314.

or's motion for fees as a collateral post-judgment matter.

*Law of the Case*

 At the outset of this proceeding, the Defendants filed a jury demand and moved for a withdrawal of the reference. Judge Castillo ruled that by filing a counterclaim the Defendants had subjected themselves to the jurisdiction of the bankruptcy court and waived any right to a jury trial they may have had. The court rejected the Defendants argument that because their counterclaim involved both pre- and post-petition claims a different result was required. The court concluded that the key is "seek[ing] a piece of the *res* which is under the equitable jurisdiction of the bankruptcy court." *Peachtree Lane*, 175 B.R. at 237.

As Judge Castillo found, Defendants have submitted themselves to the equitable jurisdiction of this Court. That jurisdiction does not end because the Debtor's plan of reorganization has been confirmed or because there is a dispute over a collateral, post-judgment matter. *See In the Matter of Statistical Tabulating Corp. Inc.*, 60 F.3d 1286 (7th Cir.1995) (slip opinion) (jurisdiction over adversary proceeding is not automatically terminated by the dismissal of the underlying bankruptcy case).

*Sanctions*

As demonstrated above, there is no authority for the Defendants' argument that they are entitled to a jury. Further, they repeatedly mischaracterized the authorities and misstated the law in their memorandum in support of that argument. That memorandum was filed in violation of Bankruptcy Rule 9011 because it is not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. . . ." In accordance with the Debtor's prayer for relief, the issue of sanctions is reserved for a later hearing.

*Conclusion*

The determination of whether there is a right to a jury trial is to be made according to by federal law. Under federal law, a post-judgment determination of the amount of attorneys' fees is essentially an equitable matter and, therefore, there is no right to a jury trial. Further, in this proceeding, the issue has already been decided against the Defendants. The Debtor's motion to Strike the Defendants' jury demand is therefore granted.